IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Northern Division

PETER O' DRISCOLL
        c/o Wendell Finner PC
        One East Chase Street, Suite 1109
        Baltimore MD 21202
        CASE NO.

Plaintiff,

vs.

SPRINT CORPORATION
    Serve on:    State Department of Assessments and Taxation
                       301 W. Preston St.
                       Baltimore, MD 21201

and

CONVERGENT OUTSOURCING, INC.
    Serve on:    The Corporation Trust, Inc.
                       2405 York Rd. Ste. 201
                       Lutherville Timonium, MD 21093
    Defendants

_____

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Peter O'Driscoll, Plaintiff, sues Sprint Corporation (Sprint) and Convergent Outsourcing, Inc. (Debt Collector) for their violations of the Maryland Consumer Protection Act (MCPA), the Maryland Consumer Debt Collection Act (MCDCA), and the Fair Debt Collection Practices Act (FDCPA). Fundamentally this case is about Defendants' refusal to respect Mr. O'Driscoll's consumer rights by collecting a consumer debt by means of false promises, and then contacting him to collect a consumer debt in order to harass him, even though they knew he was represented by an attorney.

## PARTIES, JURISDICTION, AND VENUE

2. Mr. O'Driscoll is a natural person residing in Baltimore City, Maryland and is a "consumer" as defined in the FDCPA and the MCPA.

3. Sprint is a corporation organized under the laws of Delaware.

4. Debt Collector is a corporation organized under the laws of Washington. It is engaged in the business of collecting debts asserted to be owed to entities other than Debt Collector.

5. The Court has jurisdiction under 15 U.S.C. §1692l, 28 U.S.C. §§1331, 1367. Venue is proper in this District and Division pursuant to 28 U.S.C. §1391(b)(2) and Local Rule 501(4)(b)(ii).

## FACTUAL BACKGROUND

6. Mr. O'Driscoll had a cell phone issued by Sprint for personal purposes.

7. Mr. O'Driscoll's alleged debt to Sprint is a "debt" or "consumer debt" as defined by the FDCPA, 15 U.S.C. §1692a.

8. On June 9, 2019 Mr. O'Driscoll called Sprint to discuss his balance.

9. The Sprint representative told Mr. O' Driscoll that his phone service would remain active if he paid $89.38 that day and $100.00 by June 23, 2019.

10. Mr. O'Driscoll paid the $89.38 over the phone using a debit card on June 9, 2019.

11. Sprint breached its promise to Mr. O'Driscoll by deactivating the phone and referring the account to Debt Collector.

12. Mr. O'Driscoll hired Wendell Finner PC to represent him with respect to all debts and claims that him creditors may have had against him, and to seek relief from debt collection calls and letters.

13. On June 14, 2019 Mr. O'Driscoll, through counsel, advised Sprint that he was represented by an attorney with respect to all accounts owned or serviced by Sprint and requested that Sprint cease all direct contact with Mr. O'Driscoll. A true and correct copy of the June 14, 2019 communication to Sprint, which was confirmed received by Sprint's fax receiving equipment, is attached hereto as Exhibit A.[1]

14. The June 14, 2019 communication to Sprint placed Sprint on notice that (a) Mr. O'Driscoll was represented by counsel with regard to him alleged debt(s), (b) Mr. O'Driscoll did not wish to be directly contacted by Sprint, and (c) Mr. O'Driscoll disputed the alleged debt.

15. On June 19, 2019 Sprint confirmed receipt of the June 14, 2019 fax by telephoning Wendell Finner PC.

16. Debt Collector and Sprint are parties to an agreement, which is in those parties' exclusive possession, that provides for (a) Debt Collector to collect debts from consumers on Sprint's behalf and (b) Sprint to provide Debt Collector with attorney contact information regarding targeted consumers.

---

[1] The fax sent to Sprint contained a notice of representation which stated "PLEASE TAKE NOTICE that Wendell Finner 1 E. Chase St. #1109 Baltimore MD 21202 is my attorney at law who represents me with respect to all my debts and all claims my creditors have against me. I authorize and instruct him to discuss any of my accounts with my creditors and their affiliates, agents, employees, designees or assigns. I authorize and instruct my creditors to disclose such information to Mr. Finner as he may request, and to direct all communications to him as my attorney." The notice was signed by Mr. O'Driscoll and included him social security number to assist recipients in identifying affected accounts. Due to the inclusion of Mr. O'Driscoll's social security number, the Notice of Representation is not filed herewith.

17. On September 5, 2019 Debt Collector, notwithstanding that Mr. O'Driscoll was represented by counsel, sent him a letter attempting to collect an alleged debt to Sprint. A true and correct copy of Debt Collector's September 5, 2019 letter is attached hereto as Exhibit B.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

18. Mr. O'Driscoll incorporates paragraphs 2-4 and 6-17 hereof.

19. By contacting Mr. O'Driscoll when it knew him to be represented by an attorney, Debt Collector violated 15 U.S.C. §1692c(a)(2).

20. The natural consequence of Debt Collector's direct dunning of Mr. O'Driscoll when it knew him to have an attorney was to harass Mr. O'Driscoll, in violation of 15 U.S.C. §1692d.

WHEREFORE, Plaintiff, Peter O'Driscoll, demands judgment against Convergent Outsourcing, Inc. for actual and statutory damages, attorneys' fees, interest and costs of suit.

## COUNT II – MARYLAND CONSUMER DEBT COLLECTION ACT

21. Mr. O'Driscoll incorporates paragraphs 2-4, 6-17, and 20 hereof.

22. Debt Collector could reasonably have expected that its direct communications with Mr. O'Driscoll even though Debt Collector knew him to be represented by an attorney would abuse and harass him.

23. Sprint could reasonably have expected that its false promises to Mr. O'Driscoll and its direct communications with Mr. O'Driscoll even though Sprint knew him to be represented by an attorney would abuse and harass him.

24. By communicating with Mr. O'Driscoll in such manners Sprint and Debt Collector violated the MCDCA, Md. Code, Com L. Art. §14-202(6).

25. Mr. O'Driscoll experienced emotional distress and incurred attorneys' fees caused by Defendants' harassing communications.

WHEREFORE, Plaintiff, Peter O'Driscoll, demands judgment against Sprint and Convergent Outsourcing, Inc. . for actual damages, attorneys' fees, interest and costs of suit.

### COUNT III – MARYLAND CONSUMER PROTECTION ACT

21. Mr. O'Driscoll incorporates paragraphs 2-3, 6-17, 20 and 22-23 hereof.

22. By making false promises to Mr. O'Driscoll and by violating the MDCPA, Sprint and Debt Collector violated the MCPA, Md. Code, Com L. Art. §13-301 (1)(14).

WHEREFORE, Plaintiff, Peter O'Driscoll, demands judgment against Sprint and Convergent Outsourcing, Inc.  for actual damages, attorneys' fees, interest and costs of suit.

### JURY DEMAND

Mr. O'Driscoll demands trial by jury.

/s Wendell Finner
WENDELL FINNER, Bar No. 04379
One East Chase Street, Suite 1109
Baltimore, Maryland 21202
(410) 929-2440
(410) 449-1170 fax
himself@wendellfinner.com
*Attorney for Plaintiff*